UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JESUS ANELLO,<br>　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 18-cv-00070-DMR<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 17 |

Pro se Plaintiff Maria Jesus Anello filed a complaint against her former employer, the United States Social Security Administration ("SSA") alleging discrimination and retaliation. The government now moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). [Docket No. 17.] The court held a hearing on August 9, 2018. For the following reasons, the motion is granted. Ms. Anello's complaint is dismissed, and Ms. Anello is granted leave to amend the complaint.

**I.　BACKGROUND**

**A. Allegations in the Complaint**

Ms. Anello's complaint alleges that she was discriminated against and suffered retaliation during the course of her employment by the SSA as a Service Representative. Her complaint includes two pages of what appears to be a nine-page September 7, 2017 Equal Employment Opportunity Commission ("EEOC") decision. Compl. 17.[1] The attachment indicates that on October 29, 2011, Ms. Anello filed a formal EEOC complaint against the SSA alleging discrimination based on her national origin (Hispanic), disability, and reprisal for prior EEO

---

[1] On August 6, 2018, in response to a court order, Ms. Anello filed the full nine-page EEOC decision. [Docket No. 40.]

activity, including denial of reasonable accommodation "from approximately December 2010 and continuing." *Id*.

The remainder of the complaint recites events during her employment that appear to form the basis for the EEO complaint as follows: Ms. Anello alleges that in March 2010, she requested a reasonable accommodation for her disabling heart condition, asking to turn the orientation of her desk so that she could avoid being startled by coworkers and managers approaching her. Compl. 1-2. Her request was denied. In August 2010, she developed a disabling work injury, a sprain of her left fingers and wrist, which became Complex Regional Pain Syndrome ("CRPS"). *Id*. at 2.

Ms. Anello alleges that she was "harassed by Management" and that her efforts to seek help with her work injury, obtain workers' compensation and sick leave, use the voluntary leave transfer program, and obtain accommodations were "obstruct[ed]." *Id*. at 2-3. She alleges that "[t]he illnesses [she] ha[s] are due to the stress, lack of Duty of Care and the harassment management had inflicted on me by the discriminatory and cruel management by the former ADM of the Santa Rose SSA Office[.] *Id*. at 3. According to Ms. Anello, she has been "fighting as Pro-se, trying to defend [her] rights from the abuse and the unjust and discriminatory management actions" taken towards her, including "[her] dismissal, [her] constructive discharge on 08/12/11, and when [she] already had the retirement withdrawal granted on 09/06/11, the disregard of OPM rules and of Provision 5 CFR Subchapter 990, Chapter 41, section 41A3.1-1E:E. Cancellation of Separation by Third Party." *Id*. She further alleges:

> My cancellation was approved by OPM on 09/22/11, and reiterated by OPM White House, the President Mr. Barak [sic] Obama, my acceptance for OPM disability, etc. and denied at all times by SSA management and HR, because HR had already signed for me, and approved my SF-50 with the same date of my 10 years with the Agency, 09/12/11, as a "voluntary retirement", and still has the same date in my records, and to this day causing me great economic harm.

*Id*. It appears that Ms. Anello sought to rescind her "voluntary retirement" so that she could obtain a "disability retirement. *See id*. at 5-6, 7.

Ms. Anello alleges that she has suffered psychological and physical damage due to "[t]he harassments, obstructions, denials and cover-up of their fiduciary duty with Worker's Compensation, Voluntary Leave Transfer Program . . . signing the 'Voluntary Retirement' for

[her] and placing [her] in an 'irreversible' loop, where [she] lost [her] health, health coverage and . . . monetary resources[.]" *Id*. at 8.

The complaint contains references to prior appeals to the Merit System Protection Board ("MSPB"), prior complaints to the EEOC, and a union grievance. *See* Compl. 5, 8-12, 14, 15. Ms. Anello also quotes at length an affidavit by an individual named Charlie Estudillo, whom she describes as a union representative. *Id*. at 8-11.

### B. Procedural History

On November 20, 2017, Ms. Anello filed a complaint which does not formally plead individual claims for relief. Liberally construing the complaint, Ms. Anello appears to allege the following claims for relief: 1) disability discrimination; 2) failure to accommodate disability; 3) employment discrimination based on national origin (Spanish); and 4) retaliation.[2]

On May 29, 2018, the government filed the present motion to dismiss the complaint. Ms. Anello did not file an opposition, and the court issued an Order to Show Cause instructing her to submit a written statement by July 3, 2018 explaining her failure to file an opposition to the motion to dismiss. [Docket No. 26.] She did not file a statement. On July 6, 2018, the court dismissed this matter without prejudice for failure to prosecute and entered judgment against Ms. Anello. [Docket Nos. 30, 31.] The court subsequently learned that Ms. Anello requested assistance from the ECF Helpdesk with e-filing her response to the Order to Show Cause and faxed her response to Defendant's attorney before the July 3, 2018 deadline. Ms. Anello had also emailed her response to the Order to Show Cause to the undersigned's Courtroom Deputy on July 4, 2018. In her response, Ms. Anello explained that she was unable to timely file an opposition to the motion to dismiss due to a serious illness and requested a further extension of the deadline. [Docket No. 32.]

On July 10, 2018, the court issued an order construing Ms. Anello's response to the Order to Show Cause as a motion to set aside the July 6, 2018 judgment pursuant to Federal Rule of Civil Procedure 60(b). [Docket Nos. 32, 33.] That rule provides that "the court may relieve a

---

[2] At the hearing, Ms. Anello confirmed that she is not seeking to bring a claim of discrimination based on race.

3

party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). On July 13, 2018, Defendant filed a statement of non-opposition to the motion to set aside the judgment. [Docket No. 35.] Ms. Anello filed a combined request to reopen the case and opposition to the motion to dismiss on the same day. [Docket No. 36 (Opp'n).]

On July 16, 2018, the court granted the unopposed motion to set aside the July 6, 2018 judgment and reopened the case. [Docket No. 37.]

## II. LEGAL STANDARDS

The government moves to dismiss Anello's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of

subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. at 1039. A factual challenge permits the court to look beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*, 227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. The Ninth Circuit has held that "where the petitioner is pro se," courts have an obligation, "particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

**III. DISCUSSION**

As noted, it appears that Ms. Anello alleges claims for disability discrimination, failure to accommodate her disability, national origin discrimination, and retaliation. The government moves to dismiss these claims, as well as any possible claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, pursuant to Rule 12(b)(6). In addition, to the extent that Ms. Anello seeks to plead a claim under the Federal Employees' Compensation Act based on her hand injury, the government moves to dismiss that claim for lack

United States District Court
Northern District of California

of subject matter jurisdiction pursuant to Rule 12(b)(1).

Ms. Anello's opposition does not directly address the arguments raised in the motion to dismiss and does not clarify which claims she seeks to allege. Instead, she appears to argue the merits of her allegations against the SSA and describe evidence of her grievances. As explained to Ms. Anello at the hearing, at this stage of the litigation the court does not evaluate evidence or determine whether Ms. Anello's claims have merit. Instead, the court must determine whether Ms. Anello has sufficiently pleaded any claims for relief. The court analyzes each possible claim in turn.

**A. Disability Discrimination**

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees alleging disability discrimination. *Johnston v. Horne,* 875 F.2d 1415, 1420 (9th Cir.1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990). In order to state a disability discrimination claim under the Rehabilitation Act, a plaintiff must allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). For purposes of the Rehabilitation Act, "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual, (B) a record of such an impairment, or (C) being regarded as having such an impairment." *Id.* (citing 42 U.S.C. § 12102(2)).

First, Ms. Anello alleges that she is "disabled with" CRPS and has a disabling "heart condition." Compl. 1. However, the complaint does not contain any additional allegations about these conditions, including whether either condition substantially limits one or more major life activities.

Second, Ms. Anello does not allege that she is "otherwise qualified for employment." To bring a disability discrimination claim, Ms. Anello must allege that she is a "qualified individual," or "an individual with a disability who, *with or without reasonable accommodation*, can perform the *essential functions* of the employment position that such individual holds or desires." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 989 (9th Cir. 2007) (emphasis in original). "'Essential

6

functions' are 'fundamental job duties of the employment position . . . not includ[ing] the marginal functions of the position.'" *Id*. (quoting 29 C.F.R. § 1630.2(n)(1)). The complaint does not identify the essential functions of the position she held, and does not allege that Ms. Anello could perform those functions with or without a reasonable accommodation.

Finally, the complaint does not contain factual allegations to support a claim that she was discriminated against because of her disability. A plaintiff may establish that she was discriminated against because of her disability by proving that her disability was a "motivating factor" in an adverse employment action. *Martin v. Cal. Dept. of Veterans Affairs*, 560 F.3d 1042, 1048 (9th Cir. 2009). It appears that Ms. Anello alleges that she was forced to retire, but it is not clear whether she alleges that her disability was a motivating factor in her forced retirement.

Accordingly, the complaint does not state a claim for disability discrimination. Ms. Anello is granted leave to amend her complaint to allege such a claim.

### B. Failure to Accommodate

In order to state a claim under the Rehabilitation Act for failure to accommodate a disability, a plaintiff must show that (1) she is disabled; (2) she is a qualified individual, meaning that she could meet the essential requirements of the position with or without reasonable accommodation; and (3) a reasonable accommodation is possible. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999); *Buckingham v. United States*, 998 F.2d 735, 739-40 (9th Cir. 1993). A "reasonable accommodation" is defined as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

It appears that Ms. Anello's failure to accommodate claim is based at least in part upon her allegation that she requested an accommodation for her heart condition in the form of turning her desk so that she could see her colleagues approaching. *See* Compl. 2. It is not clear whether this claim is based upon any other request for accommodation, or whether any request was based on her allegations regarding CRPS. In any event, the claim is insufficiently pleaded for the same reasons as her disability discrimination claim—namely, Ms. Anello does not sufficiently plead

that she is a qualified individual with a disability. Therefore, Ms. Anello's failure to accommodate claim is dismissed with leave to amend.

### C. Discrimination Based on National Origin

"Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex or national origin." *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985). To state a claim for employment discrimination based on national origin, Ms. Anello must allege that (1) she is a member of a protected class, (2) she was performing her job in a satisfactory manner, (3) she suffered an adverse employment action, and (4) she was treated differently than similarly situated persons outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The complaint makes references to the fact that Ms. Anello is Hispanic, was born in Spain, and speaks with an accent. *See* Compl. 9, 15, 17. However, Ms. Anello fails to allege facts to support a claim that any actions were taken against her because of her national origin, such as alleging that other employees who were not born in Spain were treated more favorably than she. Although it appears that the adverse employment action she suffered was her forced retirement, she does not allege that she was satisfactorily performing her job at the time of her retirement. Therefore, Ms. Anello's national origin discrimination claim is dismissed with leave to amend.

### D. Retaliation

Under Title VII, employers may not take any adverse employment action against an employee who has 1) opposed any practice made unlawful by Title VII; or 2) "made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). To state a claim for retaliation, "a plaintiff must establish: (1) she was engaged in protected activity; (2) defendant took an adverse employment action; and (3) a causal connection existed between plaintiff's protected activity and defendant's adverse employment action." *Leleind v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1094 (N.D. Cal. 2008)

The attachment to the complaint states that Ms. Anello filed a complaint alleging "reprisal for prior EEO activity." *See* Compl. 17; *see also id*. at 10. However, she does not allege any

8

specific "EEO activity" in the complaint itself. In order to state a claim for retaliation, Ms. Anello must identify the protected activity in which she engaged and allege facts to support a causal connection between the protected activity and any adverse action, such as her forced retirement. Her retaliation claim is dismissed with leave to amend.

### E. Age Discrimination

The complaint contains a passing reference to Ms. Anello's age. *See* Compl. 9 ("she is some 25 or 30 years older than the next oldest Service Representative"). To the extent that Ms. Anello seeks to bring an ADEA claim, the government moves to dismiss the claim on the ground that she has not administratively exhausted such a claim.

An employee must exhaust administrative remedies prior to filing suit alleging an age discrimination claim under the ADEA. The individual must notify an EEO counselor within 45 days of the alleged discriminatory conduct in order to satisfy the exhaustion requirement. *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008). In the alternative, the individual must give the EEOC notice of the alleged discriminatory act within 180 days, and give notice of her intent to sue at least thirty days before commencing suit in a federal court. *Id*. (citing 29 U.S.C. §§ 633a(c), (d)).

There is no indication that Ms. Anello exhausted her ADEA claim with the EEOC or an EEO counselor. Further, Ms. Anello has not stated a claim for age discrimination. In order to state a prima facie case of age discrimination, she must allege that she was "(1) at least 40 years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (quotation omitted). The complaint does not allege facts to support an age discrimination claim. Accordingly, this claim is dismissed with leave to amend.

### F. Federal Employees' Compensation Act Claim

Finally, to the extent that Ms. Anello seeks to bring a claim under the Federal Employees' Compensation Act ("FECA") based on her hand injury, the government moves to dismiss the claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The government argues

that the workers' compensation scheme established by FECA is the exclusive remedy for any injury within the scope of the statute, and therefore the court lacks subject matter jurisdiction over such a claim.

"Under FECA, federal employees are compensated for injuries sustained during the performance of their duties. The remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury or death." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993) (citing 5 U.S.C. § 8116(c)). "FECA's exclusivity provision bars recovery under the [Federal Tort Claims Act], providing that '[t]he liability of the United States . . . under this subchapter . . . is exclusive and instead of all other liability of the United States . . . to the employee . . . and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute.'" *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (quoting 5 U.S.C. § 8116(c)). "In other words, if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted." *Id*.

"FECA claims raise two questions: (1) is the injury within the scope of FECA, and (2) is the plaintiff entitled to compensation under the facts of her case." *Id.* (citing *Figueroa*, 7 F.3d at 1407-08). "The latter question, if raised, must be deferred to, and answered by, the Secretary of Labor." *Id.* (citing *Figueroa*, 7 F.3d at 1408). "Scope, on the other hand, is a question that must be answered by the federal courts, because it is one of jurisdiction." *Id.* (citing *Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir. 1990)). "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Id*. (citing *Figueroa*, 7 F.3d at 1408).

Here, Ms. Anello alleges that she suffered a workplace injury on August 2, 2010 and became disabled by CRPS. Compl. 1, 4. To the extent she brings claims based on that injury, the court lacks subject matter jurisdiction over that claim and it must be dismissed. *See Moe*, 326 F.3d at 1068.

## IV. CONCLUSION

For the foregoing reasons, Ms. Anello's complaint is dismissed. She is granted leave to file an amended complaint that addresses the deficiencies noted in this order within 21 days of the

10

date of this order.

The court refers Ms. Anello to the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

**IT IS SO ORDERED.**

Dated: August 13, 2018



Donna M. Ryu
United States Magistrate Judge